MATTHEW I. BARLOW (AZ Bar No. 032016)
**The Barlow Law Firm, LLC**
HC 65 Box 537
3285 S. Hwy 389, #101
Fredonia, Arizona 86022
Tele: (928) 857-7500
Fax: (928) 779-2588
Email: matt@barlowlawgroup.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Taylor E. Barlow,<br><br>    Plaintiff,<br><br>vs.<br><br>Town of Colorado City; an Arizona Municipal Corporation; Matt Giordano, individually and in his official capacity as Executive Director of Arizona Police Officer Standards and Training Board.<br><br>    Defendants. | Case No._____<br><br>**COMPLAINT**<br><br>JUDGE: _____ |

Plaintiff Taylor E. Barlow, by and through the undersigned counsel, hereby files this Complaint and avers and alleges as follows:

**INTRODUCTION**

1. The plaintiff, Taylor Barlow ("Taylor") is a police officer certified in the State of Utah.

2. Taylor was hired by the Colorado City Marshal's Office ("Marshal's Office") on August 15, 2016.

1

3. The decision to hire Taylor was made by the former police chief Jeremiah Darger.

4. Mr. Darger was a member of the Fundamentalist Church of Jesus Christ of Latter-Day Saints ("FLDS"). At the time of hire, the religious leader of the FLDS was Warren Jeffs.

5. Since his hire, Taylor has been a devote and dedicated employee serving the Town of Colorado City and Hildale in his assigned duties with the Marshal's Office.

6. While employed with the Marshal's Office, Taylor sought certification in Arizona through the Arizona Police Officer Standards and Training Board ("AZPOST").

7. Upon a token review of Taylor's application, AZPOST denied Taylor certification when he clearly qualified. Taylor was denied certification on the belief that he was affiliated with the FLDS religion.

8. In early 2022, Taylor sought to re-apply for certification in Arizona. However, AZPOST Executive Director Matt Giordano specifically directed the Marshal's Office to forego submitting another application and waiver for Taylor.

9. Mr. Giordano informed the Marshal's Office that Taylor's application would be denied regardless of his circumstances and without review.

10. Shortly thereafter, Matt Giordano, the Executive Director of AZPOST directed the Marshal's Office to terminate Taylor's employment on May 3, 2022.

11. Taylor was not offered any other position with the Town of Colorado City despite advertising employment opportunities for which Taylor was qualified.

2

12. This action is brought for discrimination in employment pursuant to 42 U.S.C. §§ 2000e through 2000e-17, 42 U.S.C. § 1985(3), and the 14th Amendment to the U.S. Constitution.

**PARTIES**

13. At all times mentioned in this complaint Plaintiff Taylor E. Barlow is a resident of the State of Arizona.

14. At all times mentioned in this complaint, Defendant Town of Colorado City is a municipality that caused events complained of occurred in Mohave County, State of Arizona.

15. At all times material hereto, Defendant Town of Colorado City acted through the Colorado City Marshal's Office.

16. Defendant Matt Giordano, is a resident of Arizona and at all times relevant to this lawsuit, is the Executive Director of AZPOST and employed by the DPS, acting under the color of state law. Matt Giordano is being sued in his individual capacity.

**JURISDICTION AND VENUE**

17. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1343 and 1367(a), as this action involves federal statutory violations under 42 U.S.C. § 2000e through 2000e-17, 42 U.S.C. § 1985(3), and the 14th Amendment to the U.S. Constitution.

18. Venue is proper in this Court and Division, pursuant to 28 U.S.C. Sec. 1391, because the events giving rise to this action occurred within, and the defendants are residents of, or maintain their principal place of business in, or are subject to suit, in that

3

geographic area which encompasses the Prescott Division of the United States District Court for the District of Arizona.

19. Taylor E. Barlow (the "Plaintiff") has complied with all conditions precedent to filing an action against a public entity or public employee, pursuant to Arizona's Notice of Claim Statute, A.R.S. § 12-821.01. The Plaintiff timely served all named Defendants a statutory Notice of Claim (Exhibit "2"), containing sufficient facts to allow Defendants to understand the basis upon which liability is claimed and a specific amount for which the claims could be settled pursuant to A.R.S. § 12-821.01(A).

20. More than 60 (sixty) days has passed since Plaintiff served each Notice of Claim, and the Plaintiff has not received a written response from any of the Defendants. Accordingly, the claims are deemed denied, pursuant to A.R.S. § 12-821.01(E).

21. The Plaintiff has complied with all conditions precedent to jurisdiction under 42 U.S.C. § 2000(e). The Plaintiff has timely filed charges of employment discrimination alleging violations of Title VII of the Civil Rights Act of 1964, as amended, with the United States Equal Employment Opportunity Commission ("EEOC"), to wit EEOC Charge No: 540-2022-05416. The Plaintiff submitted his charges in a timely fashion and received a notice of right to sue as to the charge from the United States Department of Justice on or shortly after April 26, 2023.

22. This action has been commenced within ninety (90) days of the Plaintiff's receipt of the notice of right to sue as to EEOC Charge No: 540-2022-05416.

**GENERAL ALLEGATIONS**

23. Plaintiff is certified as a police officer in the State of Utah and began working for the Town of Colorado City Marshal's Office ("Marshal's Office") as a Deputy police officer on August 15, 2016.

24. Colorado City is located in northern Arizona and borders the city of Hildale, Utah. The Marshal's Office holds dual certification in Utah (Hildale) and Arizona (Colorado City) and is the law enforcement agency for both cities. While working for the Marshal's Office, Plaintiff sought certification as a police officer in Arizona.

25. On December 12, 2016 the Marshal's Office submitted an application ("2016-A1") on behalf of Plaintiff for certification to AZPOST. As part of the application process, Plaintiff self-disclosed three incidents that required a waiver or petition by the Marshal's Office in order to be certified as an officer.

26. AZPOST instructed the Marshal's Office to disregard the petition and informed Marshal's Office that Plaintiff would be denied regardless of the waiver.

27. On December 30, 2016, the Marshal's Office rescinded the 2016-A1 because it did not have a written background report and a medical examination attached thereto. The 2016-A1 was never brought before AZPOST for review.

28. In October 2017, the Marshal's Office submitted another application for Plaintiff ("2017-A1") which included the written background report and medical examination. AZPOST again instructed the Marshal's Office to forego filing the petitions for waiver.

5

29. On December, 17, 2017, Plaintiff was denied certification without consideration that he qualified for the waiver exceptions.

30. At an administrative hearing the administrative law judge (ALJ) ruled that there was sufficient evidence that Plaintiff's conduct would not jeopardize the public trust in law enforcement if he was given the opportunity to submit a waiver.

31. Contrary to the ALJ Decision, AZPOST denied Plaintiff certification.

32. An internal investigation by the Marshal's Office revealed evidence that Plaintiff qualified for the waiver exceptions and should have been certified as a police officer in Arizona.

33. The internal investigation indicated that Plaintiff did not receive equal treatment of the law throughout the entire application process and was denied certification on the belief that Plaintiff was a member of the FLDS religion.

34. In early 2022, the Marshal's Office was in the process of submitting another application on Plaintiff's behalf in order for him to become certified as a police officer in Arizona.

35. However, AZPOST Executive Director Matt Giordano informed the Marshal's Office to forego submitting another application and waiver because Plaintiff would be denied certification regardless.

36. Shortly thereafter, upon information and belief, Mr. Giordano directed the Marshal's Office to terminate Plaintiff's employment on May 3, 2022.

37. Plaintiff's termination of employment was abrupt and without notice.

6

38. Plaintiff was informed later that he was being terminated as a means to protect the Marshal's Office from detrimental effect by the DPS and AZPOST for his continued employment.

39. Plaintiff was not offered any other position with the Marshal's Office despite his qualifications.

40. The Marshal's Office continued to advertise numerous employment opportunities for which Plaintiff was qualified.

41. Upon information and belief, all Defendants approved or acquiesced in the termination of Plaintiff's employment with the Marshal's Office.

42. Defendants' unjustified denial of certification and employment termination continues to prevent Plaintiff's ability to secure employment in Arizona as a police officer and other law enforcement opportunities.

43. It is apparent from the facts that each Defendant participated in the wrongful termination based on Plaintiff's perceived affiliation with the FLDS religion.

44. Defendants' acted in bad faith, with a malicious intent toward Plaintiff and with a callous disregard of his well-being.

## COUNT I

**(Violation of U.S.C. 42 § 1983 - Due Process)**

45. Plaintiff realleges and incorporates by reference in this cause of action all of the allegations of all prior paragraphs of this Complaint, as fully set forth herein.

7

46. At all times relevant, Plaintiff had a reasonable expectation of continued public employment in law enforcement by the Town of Colorado City's Marshal's Office which constituted a protected property right not only in his job but also in promotional opportunities within the Marshal's Office.

47. At all times relevant, the Marshal's Office had certain policies and procedures in place with regard to Plaintiff's public employment including, but not limited to, to be free from religious discrimination, to have employment and personnel decisions that would not be in violation of federal law and to not be deprived of property without due process of law.

48. The Defendant Marshal's Office, Mr. Giordano, and others whose identity is not presently known, while acting under color of law and in their individual capacities, violated Plaintiff's federally protected due process right to be free from religious discrimination and to not be deprived of property without due process of law.

49. The Defendant Marshal's Office, Mr. Giordano, and others whose identity is not presently known, while acting under color of law and in their individual capacities acquiesced in the wrongful, unjustifiable and constructive termination of Plaintiff's employment.

50. The Defendants engaged in wrongful conduct in violation of U.S.C. 42 § 1983 by denying Plaintiff's right to due process.

51. The Defendants' actions were intentional and purposeful in terminating Plaintiff's employment without justification.

8

52. As a result of Defendants' conduct, Plaintiff has been denied employment opportunities in the State of Arizona.

53. Plaintiff asserts that the Defendants' actions have caused substantial harm and future harm that entitles him to monetary damages. The monetary damages include lost earnings, both past and future, which were a result of lost employment, promotions, and other positions in law enforcement that are available to Plaintiff had he not been terminated.

54. Because of the Defendants' discriminatory conduct, Plaintiff is entitled to recover punitive damages against the individual Defendants and any other individual(s) acting in their individual capacities, for their intentional acts because their conduct was malicious or in reckless disregard of Plaintiff's clearly established Constitutional rights, including attorneys' fees.

## COUNT II

**(Violation of U.S.C. Title 42 § 1983 - Equal Protection)**

55. Plaintiff realleges and incorporates by reference in this cause of action all of the allegations of all prior paragraphs of this Complaint, as fully set forth herein.

56. The defendants, while acting in their official capacity and individual capacities and under color of state law, violated Plaintiff's equal protection rights by improperly, wrongfully, and unjustifiably terminating his employment.

57. These improper, wrongful and unjustifiable actions violated Plaintiff's Fourteenth Amendment Constitutional rights to equal protection of the laws.

9

58. By the actions described above, the Defendants, each and every one of them terminated Plaintiff's employment in a malicious, disparate, and arbitrary manner. Without any factual basis and in an arbitrary and capricious manner, the Marshal's Office protected and provided employment opportunities differently to other similarly situated employees and applicants.

59. Defendants' actions violated Plaintiff's Fourteenth Amendment Constitutional equal protection of the laws.

60. Defendants intentionally and purposefully treated Plaintiff differently from other similarly situated individuals that apply for certification and are employed by the Marshal's Office. AZPOST has waivered in and certified many applicants that are similarly situated to Plaintiff and the Marshal's Office has hired and retained these applicants as employees.

61. Defendants have a custom and policy to purposefully deny certification and to terminate employees whom are, or have been, affiliated with the FLDS religious organization. Defendants differential treatment is based on impermissible considerations and belief that Plaintiff is a member of the FLDS religion.

62. Defendants have a custom and policy to terminate all law enforcement personnel from the Marshal's Office that are affiliated with, or members, of the FLDS religion.

63. Defendants have a custom or policy that reflects a conscious choice to act with a deliberate indifference to the rights of Plaintiff by singling him out for termination and hiring other similarly situated applicants.

64. The Defendants engaged in wrongful conduct in violation of 42 U.S.C § 1983 by denying Plaintiff's right to equal protection. The Defendants' exercised their discretionary authority in an intentionally discriminatory purpose by denying Plaintiff certification without justification.

65. Defendants' motivating factor in denying Plaintiff certification was Defendants' belief that he is affiliated with the FLDS religion. Plaintiff was unfairly treated because he was hired by the former Police Chief Jerry Darger whom was a member of the FLDS religion.

66. The Defendants conducted themselves in a manner in both their official and individual capacities that violated Plaintiff's clearly established rights.

67. As a result of Defendants' conduct, Plaintiff has been denied employment opportunities in the State of Arizona.

68. Defendants' actions have caused Plaintiff substantial harm and future harm that entitles him to monetary damages. The monetary damages include lost earnings, both past and future, as a result of lost employment, lost promotions, and other positions in law enforcement that would have been available to Plaintiff had he been certified in Arizona and retained employment.

69. Because of the Defendants' discriminatory conduct, Plaintiff is entitled to recover punitive damages against the individual Defendants and any other individual(s) acting in their individual capacities, for their intentional acts because their conduct was malicious or in reckless disregard of Plaintiff's clearly established Constitutional rights, including attorneys' fees.

## **COUNT III**

**(Violation of U.S.C. Title 42 § 1985(3) - Conspiracy)**

70. Plaintiff realleges and incorporates by reference in this cause of action all of the allegations of all prior paragraphs of this Complaint, as fully set forth herein.

71. The Defendants engaged in wrongful conduct in violation of U.S.C. 42 § 1985(3) by conspiring for the purpose of depriving Plaintiff his due process, equal protection and equal privileges under the laws.

72. The Defendants, while acting in their official and individual capacities and under color of state law that violated Plaintiff's clearly established rights.

73. Defendants engaged in acts of conspiracy as enumerated in the above paragraphs and incorporated by reference herein.

74. Defendants were motivated to deprive any and all persons that are affiliated with, or members of, the FLDS religion.

75. Defendants, in the furtherance of the conspiracy, continually deprived Plaintiff due process and equal protection by wrongfully and unjustifiably terminating his employment. Defendant Town of Colorado City terminated Plaintiff's employment

12

even though Defendants knew that Plaintiff qualified for his current employment position as well as other positions within the Marshal's Office.

76. Defendants' conspiracy resulted in the deprivation of Plaintiff's equal protection and due process rights, as a citizen of the United States as protected under 42 U.S.C. §§ 2000e through 2000e-17 and the 14th Amendment to the U.S. Constitution.

77. Defendants' actions have caused substantial harm and future harm that entitles Plaintiff to monetary damages.

78. The monetary damages include lost earnings, both past and future, as a result of lost employment and other positions in law enforcement.

79. Because of the Defendants' discriminatory conduct, Plaintiff is entitled to recover punitive damages against the individual Defendants and any other individual(s) acting in their individual capacities, for their intentional acts because their conduct was malicious or in reckless disregard of Plaintiff's clearly established rights, including attorneys' fees.

## **JURY DEMAND**

Plaintiff Taylor E. Barlow hereby demands a trial by jury on all issues so triable pursuant to Federal Rules of Civil Procedure Rule 38(b) and the Seventh Amendment to the U.S. Constitution.

## **EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES**

Plaintiff Taylor E. Barlow timely filed charges of employment discrimination regarding the Defendant's alleged discriminatory conduct in violations of Title VII of the

1  Civil Rights Act of 1964, as amended, with the United States Equal Employment Opportunity Commission ("EEOC"), to wit EEOC Charge No. 540-2022-05416, on September, 27, 2022.

The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter, which Plaintiff received on April 26, 2023.  (A copy of the Notice of Right to Sue letter is attached to this Complaint as Exhibit "3").  This action has commenced within ninety (90) days of Plaintiff's receipt of the notice of right to sue.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Taylor E. Barlow requests that the Court enter judgment in his favor and against all Defendants, jointly and severally, containing the relief as follows:

A.   A declaration that the Defendants have committed prohibited practices made unlawful by 42 U.S.C. §§ 2000e through 2000e-17, 42 U.S.C. § 1985(3), and Section 1 of the Fourteenth Amendment to the United States Constitution;

B.   A declaration that the Defendants are jointly and severally liable to Plaintiff for both economic and non-economic compensatory damages;

C.   A declaration that the individually named Defendants, acting in their individual capacity, are liable to Plaintiff for punitive damages and exemplary damages to the fullest extent;

D.   Appropriate preliminary and permanent injunctive relief;

E.   An award of attorneys' fees and costs pursuant to 42 U.S.C. §§ 1988(b).

  F. For such other and further relief that the Court deems just and proper under the circumstances.

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated this 19th day of July, 2023.  Respectfully Submitted.
                **THE BARLOW LAW FIRM, LLC**

                /s/ Matthew I. Barlow
                HC 65 Box 537
                Fredonia, AZ 86022
                (928) 857-7500
                Attorney for Plaintiff