**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Taylor E Barlow,<br><br>     Plaintiff,<br><br>v.<br><br>Town of Colorado City,<br><br>     Defendant. | No. CV-23-08506-PCT-SMB<br><br>**ORDER** |

Pending before the Court is Defendant Town of Colorado City's (the "Town") Motion to Dismiss Plaintiff's Complaint (Doc. 13). Plaintiff filed a response (Doc. 14), and Defendant filed a reply (Doc. 15). After considering the parties' arguments and relevant case law, the Court will grant Defendant's Motion.

**I.    BACKGROUND**

This case arises from Plaintiff's former employment as a peace officer with the Town and in conjunction with the Arizona Police Officer Standards and Training Board ("AZPOST")'s denial of his application for certification as a peace officer in Arizona. The Colorado City Marshal's Office ("Marshal's Office") hired Plaintiff in August 2016. (Doc. 1 at 1 ¶ 2.) Plaintiff alleges that the decision to hire him was made by former police chief Jeremiah Darger, who was a member of the Fundamentalist Church of Jesus Christ of Latter-Day Saints ("FLDS"). (*Id.* at 2 ¶¶ 3–4.)

The Marshal's Office serves as the law enforcement agency for Hilldale, Utah and Colorado City, Arizona. (*Id.* at 5 ¶ 24.) When he was hired, Plaintiff was certified as a

peace officer in Utah, but not in Arizona. (*Id.* ¶¶ 23–24.) To be a law enforcement officer in Arizona, an individual must receive AZPOST certification. *See* A.R.S. § 41-1823(B); Ariz. Admin. Code R13-4-103(A). While working for the Marshal's Office, Plaintiff sought to be certified in Arizona through AZPOST. (Doc. 1 at 5 ¶ 24.) In December 2016, the Marshal's Office submitted an application to AZPOST on Plaintiff's behalf. (*Id.* ¶ 25.) As part of this application, Plaintiff self-disclosed three disqualifying incidents (1) a juvenile felony conviction for burglary and criminal damage committed when he was fourteen years old; (2) a possible theft of a vehicle when he was seventeen years old; and (3) a sale of marijuana to a roommate when he was eighteen years old. (Doc. 13-1; Doc. 1 at 5 ¶ 25.) His initial application was rescinded because it was missing the required written background report and medical examination. (Doc. 1 at 5 ¶ 27.)

The Marshal's Office then submitted another application for Plaintiff. At this point, AZPOST considered whether the waiver exception of Arizona Administrative Code R12-4-105(c) or (d) applied to Plaintiff and his three disqualifying incidents. (Doc. 13-1 at 16–18.) AZPOST determined that the waiver could apply to Plaintiff's two juvenile convictions, but not to the sale of marijuana. (*Id.*) Therefore, AZPOST denied Plaintiff's application. (*Id.*) Plaintiff sought review of this decision before an Administrative Law Judge ("ALJ"). (*Id.* at 18.) The ALJ concluded that the two juvenile convictions could be waived under the juvenile indiscretion exemption, but that the marijuana sale allegation was an appropriate basis to deny certification. (*Id.* at 23.)

Plaintiff next sought judicial review of the ALJ's decision in Maricopa County Superior Court. *See Barlow v. Ariz. Peace Officer Standards & Training Bd.*, No. 1 CA-CV 19-0378, 2020 WL 1274507 (Ariz. Ct. App. Mar. 17, 2020). The superior court affirmed AZPOST's denial of Plaintiff's certification, and the Arizona Court of Appeals affirmed the superior court's decision. *Id.* Next, Plaintiff sued the Arizona Department of Public Safety ("AZDPS"), AZPOST, and four individual defendants in the United States District Court for the District of Arizona. *Barlow v. Arizona*, No. CV-20-01358-PHX-SRB, 2021 WL 2474607 (D. Ariz. Feb. 23, 2021). In this lawsuit, Plaintiff sought

monetary damages for: (1) violation of his procedural due process rights under 42 U.S.C. § 1983; (2) violation of his equal protection rights under 42 U.S.C. § 1983; and (3) conspiracy to deprive him of these rights under 42 U.S.C. § 1985(3). *Id.* at *2. The court granted Defendants' Motion to dismiss and dismissed Plaintiff's claims with prejudice. *Id.* at *6.

Plaintiff then appealed to the Ninth Circuit Court of Appeals, which affirmed the district court's decision. *Barlow v. Arizona*, No. 21-15499, 2022 WL 418957 (9th Cir. Feb. 10, 2022). In its decision, the Ninth Circuit noted that Plaintiff's claims were barred by claim preclusion because all his claims arose out of the same "transaction"—the denial of his AZPOST certification. *Id.* at *1. In May 2022, following the appeal's conclusion, the Town terminated Plaintiff's employment. (Doc. 1 at 6 ¶ 36.) After termination, Plaintiff sought and received a notice of right to sue from the United States Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 4 ¶ 21.) In turn, Plaintiff brought this current lawsuit against the Town and Matt Giordano, who at the time was the Executive Director of AZPOST. (*See generally* Doc. 1.)

On January 25, 2024, the Court granted Plaintiff's Motion for Voluntary Dismissal of Defendant Matt Giordano without prejudice. (Doc. 20). Due to this dismissal, the Town remains the only Defendant. The Town now seeks to dismiss Plaintiff's Complaint. (Doc. 13.)

II.  **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This requirement is met if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

Additionally, both claim and issue preclusion are at issue. The doctrine of claim preclusion "bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (cleaned up). For claim preclusion to apply, there must be "(1) identity of claims; (2) a final judgment on the merits; and (3) the same parties, or privity between the parties." *Harris v. Cnty. of Orange*,

682 F.3d 1126, 1132 (9th Cir. 2012). "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Tahoe Sierra Preservation Council, Inc. v. Tahoe Reg. Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003). One of the major functions of claim preclusion "is to force a plaintiff to explore all the facts, develop all the theories, and demand all the remedies in the first suit." 18 Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure*, § 4408 (2000).

Issue preclusion is appropriate if: (1) the parties had a full and fair opportunity to litigate the identical issue in a prior action; (2) the issue was actually litigated in the prior action; (3) the issue was decided by a final judgment, and (4) the party against whom issue preclusion is asserted was a party to that action. *See Syverson v. Int'l Business Machines Corp.*, 472 F.3d 1072, 1078–79 (9th Cir. 2007). Collateral estoppel operates to bar "successive litigation of an issue of fact or law . . . whether or not the issue arises on the same or a different claim." *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001). The party seeking to apply collateral estoppel bears the burden of proving all necessary elements. *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008).

To hold a municipality liable under *Monell*, Plaintiff must show that the municipality acted pursuant to an official policy. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). This requires a plaintiff to demonstrate (1) the unconstitutional act was committed pursuant to a formal governmental policy or longstanding practice or custom, or (2) the violation was committed or ratified by an official with final policy-making authority. *Gordon v. Cnty. of Orange,* 6 F.4th 961, 973–74 (9th Cir. 2021). Allegations of isolated or sporadic incidents are insufficient to establish a policy or custom. *Id.* at 974. Moreover, the policy or custom must be the moving force behind the constitutional violation. *Snyder v. City & Cnty. of San Francisco*, 288 Fed. App'x. 346, 348 (9th Cir. 2008) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)). Lastly, a municipality cannot be held liable under the theory of respondeat superior. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016).

## III. DISCUSSION

Defendant asserts five arguments for dismissal. First, Defendant argues that Plaintiff's complaint falls short of the Federal Rule of Civil Procedure 8 standard. (Doc. 13 at 8.) Second, Defendant asserts that claim preclusion bars Plaintiff's claims. (*Id.* at 5–8.) Next, Defendant argues that issue preclusion also applies to bar the claims. (*Id.* at 8–9.) Fourth, Defendant contends that Plaintiff cannot satisfy the *Monell* liability standard. (*Id.* at 9–10.) The Court agrees with several of these assertions and will dismiss the case.

### A. Claim Preclusion and Pleading Standard

Defendant primarily argues that claim preclusion bars Plaintiff's claims. (Doc. 13 at 5–8.) Plaintiff disagrees and contends that none of the requirements for claim preclusion are met. As referenced above, claim preclusion requires "(1) identity of claims; (2) a final judgment on the merits; and (3) the same parties, or privity between the parties." *Harris*, 682 F.3d at 1132.

To the first element, the Ninth Circuit has adopted the following four-factor test to determine whether there is an "identity of claims": (1) whether the two suits arise out of "the same transactional nucleus of facts," (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions. *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010). "Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together." *Id.* (cleaned up). "Reliance on the transactional nucleus element is especially appropriate because the element is 'outcome determinative.'" *Id.* (quoting *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005)); *see also Int'l Union of Operating Engineers-Employers Constr. Indus. Pension, Welfare & Training Trust Funds v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993) (collecting cases using the same nucleus of operative facts as the exclusive factor to bar a second action under the claim preclusion doctrine).

Defendant argues that this case arises from the same transactional nucleus of facts because Plaintiff alleged identical claims against the previous defendants. (Doc. 13 at 6.) Plaintiff counters that the harm in the prior case occurred when AZPOST denied his certification, and the harm here occurred when he was terminated by the Town. (Doc. 14 at 5.)

The Court agrees with Defendant. It is apparent that the current lawsuit and the prior federal lawsuit arise out of the same transactional nucleus of facts. As Defendant recounts, this is the *third* case arising out the denial of Plaintiff's AZPOST certification. In the previous federal case, Plaintiff alleged that DPS, AZPOST, and four individuals violated § 1983 by denying his due process and equal protection rights, and similarly violated § 1985(3) through a conspiracy to deprive him of those rights based on his perceived affiliation with the FLDS church. *See Barlow*, 2021 WL 2474607. This case was dismissed with prejudice. *See id.* at *6. Plaintiff has now alleged *identical* claims against the Town. (*See* Doc. 1.) These claims arise from the same inciting incident—the denial of Plaintiff's AZPOST certification. Regardless of the time elapsed between the prior and current case, all of Plaintiff's current claims arise from this denial—not any subsequent alleged wrongful termination. Moreover, it was this denial that was central to the Town's decision to terminate Plaintiff. After all, under Arizona law, the Town *cannot* employ Plaintiff as a police officer. A.R.S. § 41-1823(B); Ariz. Admin. Code R13-4-103(A).

Plaintiff attempts to rebut this assertion by referencing his references Title VII, but he did not allege a formal Title VII claim. (*See* Doc. 1 at 7 ¶ 43, 13 ¶ 76.) To the extent that Plaintiff has alleged a federal wrongful termination claim, it is insufficiently plead. Plaintiff merely states conclusory allegations that he was terminated due to his religion. However, he alleges no facts that give rise to a plausible wrongful termination claim. *Pareto*, 139 F.3d at 699. Moreover, although a wrongful termination claim was not previously examined or litigated, the facts underlying it have been. These facts prove time and again that Plaintiff was fired for his inability to receive AZPOST certification. This

was fully explored in both the prior state and federal litigation. After all, "[r]epetitive litigation is not to be allowed simply because the claim bears a new garb." *Thistlewaite v. City of New York*, 362 F. Supp. 88, 93 (S.D.N.Y. 1973). Thus, claim preclusion "is a broad doctrine that bars bringing claims that were previously litigated as well as some claims that were never before adjudicated." *Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007). This doctrine squarely applies here. Because this factor is "outcome determinative" the Court will not address the remaining three factors relating to the identity of claims. *ProShipLine Inc.*, 609 F.3d at 968. The first element of claim preclusion is satisfied.

The second and third elements for claim preclusion are also met. As to the second element, the orders in the prior cases dismissing Plaintiff's claims constitute final judgment on the merits. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (equating dismissal with prejudice with final judgment on the merits); *see also Olson v. Morris*, 188 F.3d 1083, 1086 (9th Cir. 1999) (requiring federal courts to give state agency fact-finding and legal determinations preclusive effect).

As to the third element, the Court finds that the Town held a sufficient commonality of interest to establish privity between the defendants in the prior federal action and this case. Even when the parties are not identical, privity may exist where "there is substantial identity between parties, that is, when there is sufficient commonality of interest." *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir.1983) (cleaned up); *see also Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 n.3 (finding privity when a party is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved") (citation omitted); *Shaw v. Hahn*, 56 F.3d 1128, 1131–32 (9th Cir. 1995) (finding privity when the subsequent party's interests were shared with and adequately represented by a party in the former action).

Defendants argue that the Town and the prior defendants are in privity given their sufficient commonality of interest. (Doc. 13 at 7.) Plaintiff argues that the Town was not a defendant in the previous federal lawsuit and is not in privity with the prior defendants. (Doc. 14 at 6.) The Court agrees with the Town. It is true that the Town was not a party

to the prior federal lawsuit. But despite Plaintiff's attempt to state otherwise, this case is centered on the same incident—the denial of Plaintiff's AZPOST certification. That is, and remains, the sole ground for Plaintiff's termination. This fact places this case squarely within the factual grounds of the prior dismissed lawsuits and makes this ground the subject matter of both the prior and current lawsuits. *See also Barlow*, 2022 WL 418957, at *1. As mentioned above, Plaintiff sued the prior defendants and the Town on substantially the same theory—even pleading identical claims. (*See* Doc. 1.)

More importantly, the Town had a sufficient interest in the outcome of the prior litigation. The prior federal litigation directly impacted one of the Town's employees and the process used to certify its employees. Moreover, the Town and the Marshal's Office are specifically referenced in the prior Complaint. In essence, the Town is now facing legal action due to AZPOST's failure to certify Plaintiff. This was the essence of the prior lawsuit, and given the facts present, there is sufficient commonality of interest to establish privity. *See Lee v. Thornburg Mortg. Home Loans Inc.*, No. 14-CV-00602 NC, 2014 WL 4953966, at *5–6 (N.D. Cal. Sept. 29, 2014). The Court finds that the elements of claim preclusion are satisfied. All of Plaintiff's claims are therefore precluded.

Relatedly, the Court will not permit Plaintiff to amend his Complaint. Federal Rule of Civil Procedure 15(a) requires that leave to amend be "freely give[n] when justice so requires." Leave to amend should not be denied unless "the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit." *Universal Mortg. Co. v. Prudential Ins. Co.*, 799 F.2d 458, 459 (9th Cir. 1986). Therefore, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (cleaned up). Here, the wrongful termination claim cannot be cured by the allegation of other facts. As Defendant repeatedly notes, the Town *cannot* employ Plaintiff as a police officer under Arizona law. Ariz. Rev. Stat. § 41-1823(B); Ariz. Admin. Code R13-4-103(A). The Town was required to dismiss Plaintiff. No additional allegations can change

this fact.

### B. Issue Preclusion

Because the Court finds that claim preclusion applies, it will not analyze issue preclusion.

### C. *Monell*

Even if claim preclusion did not apply, Plaintiff's allegations do not meet the requirements to establish *Monell* liability. In his Complaint, Plaintiff alleges that the Town and the Marshal's Office has a custom or policy to purposefully deny certification and terminate employees that are affiliated with the FLDS church. (Doc. 1 at 10 ¶¶ 61–62.) Plaintiff further alleges that this custom or policy caused the Town to single him out for termination. (*Id.* at 11 ¶ 63.) Plaintiff repeats these assertions in the briefing, again alleging that the Town had an "unwritten custom or policy" to discriminate and/or retaliate against any police officer affiliated with the FLDS church. (Doc. 14 at 8–9.) However, Plaintiff never provides any specific facts supporting that such a policy actually exists. The allegations are mere legal conclusions, and do not allow the Court to draw a reasonable inference that the Town may be liable. *Iqbal*, 556 U.S. at 678.

In the briefing, Plaintiff attempts to revive this claim by including two news articles purportedly reporting that no one on the Colorado City police force has ties to the FLDS church. (Doc. 14 at 9.) However, addition of this extrinsic evidence is impermissible. *See In re Dual-Deck Video Cassette Recorder Litig.*, No. CIV 87-987 PHX RCB, 1990 WL 126500, at *3 (D. Ariz. July 25, 1990) (stating that newspaper articles are "by their very nature hearsay evidence" and cannot be used to prove the existence of a conspiracy). Moreover, these articles do not provide any plausible factual matter that support the existence of a policy or custom.

Additionally, Plaintiff cannot demonstrate that the Town's Police Chief, Robbins Radley, has final policy making authority to hire and fire police officers. To qualify as a final policymaker, an individual must have "final authority to establish policy with respect to the action ordered." *Gillette v. City of Eugene*, 979 F.2d 1342, 1349 (9th Cir. 1992).

Mere exercise of discretion in exercising specific functions does not establish municipal liability. *Id.* Here, Plaintiff has not alleged any facts showing that Chief Radley had the authority to *create* personnel policies for the Town or the Marshal's Office. Rather, Plaintiff simply states that he was fired by Chief Radley. (Doc. 14 at 9–10.) There are no facts alleging that Chief Radley had policymaking authority. Hiring and firing decisions, without power to create the Town's employment policy, fall squarely within discretion of Town personnel that cannot be attributed to the Town itself. *Gillette*, 979 F.2d at 1349–50; *see also Collins v. City of San Diego*, 841 F.2d 337, 341 (9th Cir. 1988). Accordingly, Plaintiff cannot satisfy the *Monell* liability standard. Therefore, to the extent they are not already precluded, Count I and Count II will be dismissed.

**D. Section 1985(3)**

Finally, even if Count III were to survive claim preclusion, it cannot survive the dismissal of the related § 1983 claims. Count III alleges a violation of 42 U.S.C. § 1985(3) through a conspiracy to deprive Plaintiff of his due process and equal protection rights. (Doc. 1 at 12 ¶¶ 71–74.) The Town argues that this claim fails because the statute itself does not create a substantive right and that Plaintiff has not stated a § 1983 claim that can connect to this alleged conspiracy. (Doc. 13 at 12–13.) Plaintiff counters that he has sufficiently alleged a conspiracy and is properly alleged in the context of his § 1983 claims. (Doc. 14 at 10.)

The Court agrees with the Town. Section 1985(3) does not itself create a substantial right or an independent cause of action. *Great Am. Fed. Savings & Loan Ass'n v. Novotny*, 442 U.S. 366, 372 (1979); *Bey v. City of Oakland*, Case No. 14-cv-01626-JSC, 2016 WL 1639372 (N.D. Cal. Apr. 26, 2016). Rather, to properly plead a § 1985(3) conspiracy, a Plaintiff must first establish a violation of a substantive civil rights statute. *Id.*; *see also California Republican Party v. Mercier*, 652 F. Supp. 928, 935 (9th Cir. 1986). Here, that would be the related § 1983 claims. But as previously discussed, the related § 1983 claims are precluded or otherwise fail because they are insufficiently plead under the *Monell* standard. Accordingly, the Court will also dismiss Count III.

IV. **CONCLUSION**

For the above reasons,

**IT IS HEREBY ORDERED granting** Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 13).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment consistent with this Order and close this case.

Dated this 16th day of April, 2024.

_____
Honorable Susan M. Brnovich
United States District Judge